HERNÁNDEZ, PLAINTIFF AND APPELLANT, v. BENET ET AL.,
DEFENDANTS AND APPELLEES.

APPEAL from the District Court· of Mayagüez·in an Action
for Damages.

No. 1278.—Decided July 23, 1915.

PLEADING—AMENDMENT—ERROR.—When a plaintiff whose amended complaint has
been dismissed for lack of cause of action does not ask leave to amend again
after the demurrer is sustained and before judgment, nor asks for protection
of his rights after judgment under section 140 of the Code of Civil Pro-
cedure, nor indicates to this appellate court how the amended complaint could·
have been further amended in order to set up a cause of action, nor suggests
the existence of additional facts upon which to base a tenable theory of his
case, if any he have, he cannot afterwards complain that he was given no
opportunity to amend his amended complaint; and even when the district
court errs in rendering judgment, without giving him such opportunity, the
error is not fundamental.

The facts are stated in the opinion.

The appellant appeared *pro se.*

The appellees did not appear.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

In an amended complaint filed in the District Court of
Mayagüez plaintiff, appellant, alleged in substance: First.
That previously two suits had been filed in the same court,
one number 4264 entitled *Pinillos Carmona* v. *Bengoa Marín,*
and the other number 4460, *Samames Caldela, as attorney
in fact of Pinillos Carmona,* v. *Bengoa Marín.* Second. That
Vinuesa Moya and Samames Caldela, as attorneys in fact
of Pinillos Carmona, had contracted with plaintiff, appel-
lant, for certain services to be rendered by him in connection
with these matters upon a fifty per cent basis. Third. That
the two suits mentioned were compromised by the said at-
torneys in fact of plaintiff and the said defendant Bengoa
in consideration of $26,000 to be paid in cash by the said
Bengoa upon the recording in his name in the registry of
property of certain real estate. Fourth. That the mercantile
firm of F. Carrera & Brother agreed to furnish Bengoa Ma-

rín the said $26,000 as a loan, $13,000 of which amount belonged to plaintiff and was due him upon final fulfillment of the condition of payment above mentioned in compensation for his services. Fifth. That thereafter the defendant herein, Benet Colón, wilfully, knowingly and maliciously and with the deliberate purpose of injuring plaintiff herein, and in another suit number 3956 in the same court in which the said Benet Colón had obtained a judgment for $2,000 in his favor as plaintiff therein, and while such judgment was pending decision on appeal, filed a motion for attachment of the property of plaintiff herein, defendant in the said suit number 3956, in an amount sufficient to cover the sum of $4,365 to secure the effectiveness of the judgment; that an order of attachment was issued as prayed and a levy thereunder was made as shown by the following return:

"In the District Court for the Judicial District of Mayagüez, P. R. *José Benet Colón* v. *Agustín Hernández Mena.* No. 3956.

"I certify that, in compliance with a writ of attachment issued by this district court in the above-entitled cause to secure the effectiveness of such judgment as may be rendered therein, on this day and following the written instructions given me by the attorneys for the plaintiff, *I have levied an attachment upon all the share, right and interest which defendant Agustín Hernández Mena has or may have in and to the sum or amount of money belonging to or to belong to Luis Pinillos Carmona or his succession and about to be received or to be received by said defendant, as fees or compensation for services rendered by him in the settlement* of the following suits pending before this court; viz., Luis Pinillos Carmona *v.* Manuel Bengòa Marín, No. 4264; *Ex parte* Luis Pinillos Carmona, No. 4452; Antonio Samames, as attorney in fact of Luis Pinillos, *v.* Manuel Bengoa Marín, No. 4460. The said sum of money will be received by said Manuel Bengoa from F. Carrera & Brother, merchants doing business in this city of Mayagüez, and the interest of defendant Agustín Hernández Mena therein amounts to $3,000, more or less. Done in Mayagüez, P. R., this 22nd of June 1914. (Signed) Nestor Gregory, Marshal. By Francisco Azuar, Deputy. Notice. To defendant Agustín Hernández Mena, F. Carrera & Brother, Antonio Samames as attorney in fact of Luís Pinillos Carmona, and Salvador Vinuesa, also attorney

in fact of said Luis Pinillos: You and each of you are hereby notified that the attachment referred to in the above return has been levied by virtue of the writ which, in copy, is hereto annexed and made a part of this notice, and you are warned that you shall not dispose of in any manner or form, the right or interest in the said sum of money which is attached as the property of defendant Agustín Hernández Mena, which interest is now deposited in the possession of the aforesaid F. Carrera & Brother. You are warned also that if you fail to heed this warning in any manner or form you will be held liable for contempt of court. Done at Mayagüez, P. R., this 22nd day of June, 1914. (Signed) Nestor Gregory, Marshal. By Francisco Azuar, Deputy Marshal.''

Sixth. That upon *certiorari* issued by this Supreme Court at the instance of plaintiff herein, defendant in the said suit number 3956, the said order of attachment and all subsequent proceedings thereunder were vacated and set aside. Seventh. That pursuant to the said judgment in the *certiorari* proceedings the District Court of Mayagüez ordered that the secretary should direct the marshal to suspend or, if already made, to cancel the attachment levied upon the property of the said plaintiff herein, defendant in the said suit number 3956, and a writ having issued to the said marshal, it was returned by him as follows:.

''Marshal's return. I certify that the within writ was delivered to me at 10 a. m. of the 29th of July, 1914, and that I served the same on the following persons, dissolving the attachment as ordered therein: F. Carrera & Brother on July 29, 1914, at 3 p. m., by showing the original writ and handing a copy thereof, together with a notice added thereto, to Florentino Carrera, the managing partner of said firm; Agustín Hernández Mena and José Benet Colón, defendant and plaintiff respectively, on the same 29th day of July, 1914, at 4 p. m.; Antonio Samames, attorney in fact of Luis Pinillos Carmona, on July 30, 1914, at 9.30 a. m., by delivering to each of the persons so served a copy of the writ with a notice added advising them that the attachment referred to in said writ was thereby dissolved and that the property attached was left to the free disposition of its owner. Mayagüez, July 30, 1914. (Signed) Nestor Gregory, Marshal. By Cosme Girón, Deputy Marshal.''

Eighth. That thereafter plaintiff herein made formal demand through a notary upon the said firm of F. Carrera & Brother for delivery of the said $3,000 more or less which had been attached as aforesaid and that Florentino Carrera, the managing partner of the said mercantile firm, in response to such demand, answered as follows:

"That on being served by the marshal on the date above stated with the attachment of the sum of $3,000, more or less, said to belong to Agustín Hernández Mena, Carrera, in his representative capacity, said to the marshal that there neither had been nor was any sum of money in the house of F. Carrera & Brother belonging to said Agustín Hernández Mena; that he makes the same statement to the notary who is demanding delivery and therefore he cannot deliver to said notary any sum belonging to said Hernández Mena in whose favor there did not and does not exist a deposit of any sum of money."

Ninth. That plaintiff, appellant, rendered each and all of the services so engaged and paid each and every of the amounts stipulated in the said contract for services, and that the real estate, subject of the settlement made, was recorded in the registry of property in the name of Bengoa Marín. Tenth. That at the time of the levy in question Carrera & Brother had in their possession and custody the amount of $26,000, which they had undertaken to furnish as a loan to Bengoa and which the latter had agreed and was under obligation to pay to Pinillos Carmona as the consideration for the settlement; that fifty per cent, or $13,000, of the said $26,000 belonged to plaintiff by virtue of the said contract for services and that the sum of $3,000, more or less, attached by the marshal in the hands of Carrera & Brother formed a part of the said share of $13,000, the exclusive property of plaintiff. Eleventh. That F. Carrera & Brother in person and the attorneys in fact of Pinillos finally consummated the compromise agreement made with Bengoa, upon payment of the consideration named therein after liquidation and the proper discounts, without notice to plaintiff, appellant, as a party in interest, and without any knowledge

by him of the facts or any participation whatever by him in the act. Twelfth. That defendant Benet Colón, when he obtained the attachment in case No. 3956 and when he designated the property to be attached, knew that the same was the property of plaintiff, appellant, and that Carrera & Brother, at the time of the levy and at the time they directly and in person carried out the Pinillos-Bengoa compromise upon payment and delivery of the consideration, well knew that plaintiff, appellant, had under his charge and care the management of the suits first above mentioned and that a share in the amount of the settlement thereof belonged to plaintiff, appellant. Thirteenth. That of the $13,000 which as a one-half interest in the sum of $26,000, consideration for the settlement, belonged to plaintiff, appellant, the sum of $9,333 had been delivered to him and was received by him from Vinuesa through Samames, attorneys in fact of Pinillos. And, fourteenth, that by reason of the said attachment plaintiff, appellant, had suffered real injury and damages in the sum of $3,668, through fault of the defendants, Benet Colón and F. Carrera & Brother, and through no fault of his own.

A demurrer filed by defendant Benet Colón, setting up failure to state facts sufficient to constitute a cause of action as to said defendant, was properly sustained by the district court, in the absence of any allegation of facts showing that defendants F. Carrera & Brother were ever at any time under any obligation whatsoever to plaintiff, appellant, or that the property attached in fact belonged to him, or that plaintiff, appellant, had, in fact, suffered any damage whatsoever by reason of the attachment levied at the instance of defendant Benet.

Pursuant to the order sustaining such demurrer the court, a week later, entered judgment dismissing the case as to defendant Benet, with costs and the usual order for execution, and appellant complains that he was given no opportunity to amend his amended complaint. But he does not in-

dicate how the amended complaint might be further amended so as to state a cause of action, nor does he even suggest the existence of additional facts upon which to base a tenable theory of his case, if any at all he has, against defendant Benet.

During the interval that elapsed between the date of the order sustaining the demurrer and that of the judgment, plaintiff had ample opportunity to ask for reconsideration of such order and for leave to amend, but he made no effort whatsoever in this regard. Even after judgment he might have applied to the district court for relief under section 140 of the Code of Civil Procedure, but he did nothing. Upon appeal he has wholly failed to show any prejudice whatever to any substantial right, and, in so far as appears from the record, even if the district court erred in rendering judgment without giving opportunity for further amendment of a complaint already once amended, such error was quite harmless.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.